UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

Eastern District of Kentucky
F I L E D
DEC 0 3 2013
AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

| | |
|---|---|
| WESLEY S. ANGLIN, ) | |
| ) | |
| Petitioner, ) | Civil No. 3: 13-33-GFVT |
| ) | |
| v. ) | |
| ) | |
| KENTUCKY SUPREME COURT, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Wesley Anglin is an inmate incarcerated at the Luther Luckett Correctional Complex in LaGrange, Kentucky. Proceeding without counsel, on May 31, 2013, Anglin filed a document styled "Original Action in the Nature of Petition for Writ of Mandamus Pursuant to CR81." [R. 1] In compliance with the Court's Order of June 18, 2013, [R. 2], Anglin subsequently filed an amendment in an effort to clarify the nature of his claims which he styled as a "Petition for Declaration of Rights." [R. 6] The Court has granted Anglin's motion to proceed *in forma pauperis* by separate Order.

The Court must conduct a preliminary review of Anglin's pleadings because he has been granted permission to pay the filing fee in installments. 28 U.S.C. § 1915(e)(2). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Anglin's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the

Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his original petition, Anglin indicated that he sought a "writ of mandamus pursuant to CR81" to compel the Kentucky Supreme Court to file and rule upon his motion pursuant to Kentucky Rule of Civil Procedure 60.01 [R. 1, pp. 1-2], a motion that court has already rejected as unauthorized in proceedings before that court in Appeal No. 2011-SC-11. [R. 1-2, p. 1] As the Court noted in its June 18, 2013, Order, CR81 is a state rule of civil procedure which does not apply in federal proceedings, and provides for mandamus relief, a remedy unavailable under the Federal Rules of Civil Procedure. [R. 2]

In his amended petition, Anglin contends that, notwithstanding his express reference to CR81 in the caption of his original petition, he did not seek mandamus relief under that rule, but rather under Fed. R. Civ. P. 81(c). He further argues that he filed this action within twenty days after he received the Kentucky Supreme Court's May 9, 2013, letter advising him that his case was "final in this court." [R. 6, pp. 1-2; R. 6-1, p. 1] Substantively, Anglin argues that the Kentucky Supreme Court failed to properly apply its own rules, specifically CR 79.06(6), and should have considered his motion for relief under CR 60.01. [R. 6, pp. 2-3]

The Court has reviewed Anglin's original and amended petitions, and concludes that they establish that he has not stated a viable claim for relief. First, Anglin's reliance upon Federal Rule of Civil Procedure 81(c) as a basis to obtain mandamus relief from this Court is misplaced. That rule provides that the Federal Rules of Civil Procedure apply to a civil action removed from state court. However, Anglin did not, and could not, remove this action from the Kentucky Supreme Court under 28 U.S.C. §§ 1441, 1446, as those courts permit removal only of a trial court action over which this Court would possess original jurisdiction, and place strict time limits

upon removal that were plainly not satisfied in this case. Even if he could have removed the action, Federal Rule of Civil Procedure 81(b) expressly abolished the writ of mandamus, eliminating the very source of relief upon which he seeks to rely. While mandatory relief is available under 28 U.S.C. §§ 1361, 1651, neither one of those provisions apply to state, rather than federal, officers.

To the extent that Anglin's petitions could be liberally construed as a civil rights action under 42 U.S.C. § 1983 seeking injunctive relief, they would likewise fail. Anglin has named the Kentucky Supreme Court itself as the defendant in this action, but that judicial body is unquestionably an arm of the state for purposes of the Eleventh Amendment, and is thus immune from suit under the Eleventh Amendment. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court.") (internal quotation marks and citation omitted); *Daleure v. Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000). The fiction embodied in *ex parte Young*, 209 U.S. 123 (1908) permits a suit for injunctive relief, but only against a responsible state official named in his or her official capacity, not against the state itself. But more fundamentally, Anglin's claim would necessarily fail under § 1983 because he contends only that the Kentucky Supreme Court violated a state procedural rule; he does not make a claim that his rights under the federal constitution were violated. *Cf. Jojola v. Chavez*, 55 F. 3d 488, 492 n.4 (10th Cir. 1995) ("Neither the civil rights statutes nor the Fourteenth Amendment are a license to the federal judiciary to displace state law through the creation of a body of general federal tort law.") (*citing Paul v. Davis*, 424 U.S. 693, 701 (1976); *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971)). Because Anglin's pleadings fail to state a claim upon which relief may be granted, the Court will dismiss them with prejudice.

Accordingly, **IT IS ORDERED** that:

1. Anglin's petition and amended petition [R. 1, 6] are **DISMISSED WITH PREJUDICE.**

2. The Court shall enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This the 3rd day of December, 2013.

Signed By:
Gregory F. Van Tatenhove
United States District Judge